UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
                              :

In re:                              :
                              :
RANU REALTY CORPORATION,  :
                              :

                  Debtor.  :
                              :
---------------------------------------------------------X
                              :

VIKTORIYA ZAVELINA,        :
                              :
                Appellant,  :
                              :
           -v-               :
                              :
DEBORAH J. PIAZZA, ESQ., as Chapter 7  :
Trustee, and JG CAPITAL & ASSOCIATES  :
LLC,                              :
                              :
                Appellees.  :
                              :
---------------------------------------------------------X

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/17/13

No. 13-CV-761 (RA)

OPINION AND ORDER

RONNIE ABRAMS, United States District Judge:

      Appellant Viktoriya Zavelina successfully bid on property at a foreclosure auction. The results of the auction were later nullified by a New York state court once the property became the subject of bankruptcy proceedings. During the pending of an appeal of the state court ruling, the Bankruptcy Court approved the sale of the property. Following a reversal of the state court's ruling, Appellant filed a motion in Bankruptcy Court, seeking to vacate the order approving the sale and a stay of the impending sale. The Bankruptcy Court denied Appellant's motion, and she appeals. The order of the Bankruptcy Court is affirmed.

**I. Background**

      The full procedural history of this case with citations to the record is set forth in the

Court's previous Opinion and Order denying Appellant's motion for a preliminary injunction.  In re Ranu Realty Corp., No. 12 Misc. 409 (RA), 2013 WL 622171, 1-3 (S.D.N.Y. Feb. 15, 2013).

The Debtor in this matter, Ranu Realty Corporation ("Ranu"), was the title owner of the Property located at 2035 Benedict Avenue, Bronx, New York (the "Property").  The Property was subject to a mortgage lien owned by Lenders Capital, LLC ("Lenders Capital"), which is the predecessor in interest to Appellee JG Capital & Associates LLC ("JG Capital").  In March 2008, Lenders Capital commenced foreclosure proceedings against the Property in New York Supreme Court, Bronx County.  On August 3, 2010, a judgment of foreclosure was entered.  A public sale was held on November 22, 2010, at which Appellant purchased the Property for the sum of $650,001.

On January 28, 2011, after he moved to stay the auction sale of the Property in state court by order to show cause but before the state court had denied his motion, Ranu filed for relief under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the Southern District of New York.  Upon the filing of Ranu's bankruptcy petition, the foreclosure proceedings were automatically stayed pursuant to 11 U.S.C. § 362(a).  On April 1, 2011, the New York Supreme Court declared the auction sale a nullity on the grounds that Ranu had filed a proposed order to show cause more than two hours before the auction sale occurred.  Appellant sought to appeal.

On May 25, 2011, upon motion by Appellant, the Bankruptcy Court modified the automatic stay pursuant to 11 U.S.C. § 362(d), as follows:

> [T]o the limited extent of allowing [Appellant] to file and proceed with an appeal of the Order of the Supreme Court of the State of New York, County of Bronx (Hon. Stanley Green), dated April 1, 2011; provided, however, that this Court has made no determination of the merits of such appeal in granting this relief.

(In re Ranu Realty Corp., No. 11 Bk. 10286 (SCC), Dkt. No. 27.)

Appellant thus proceeded with an appeal of the state court order nullifying the auction

sale in the Appellate Division, First Department.  During the course of her appeal, Appellant moved in the Appellate Division for a stay of the sale of the Property pending the adjudication of the appeal, which the appellate court granted on August 11, 2011.  When the Bankruptcy Court learned of the stay order in state court on February 1, 2012, it made known to Appellant's counsel that its modification of the § 362(a) automatic stay to pursue an appeal did not also grant leave to obtain a stay of the sale of the Property in the Appellate Division.  (Bankr. Hr'g Tr., Feb. 1, 2012 ("Feb. 1 Hr'g Tr."), 21:7–24 ("You asked me to lift the stay for the purpose of pursuing the Appeal.  That was granted.  No one asked to lift the automatic stay for the purpose of staying the sale of the Property. . . .  A request for a stay is an entirely separate matter. . . .  Leave had to be sought from the Bankruptcy Court in order to get that stay.").  On March 6, 2012, upon motion by Appellant, the Appellate Division vacated its stay order.

During the pendency of the state court appeal, Chapter 7 trustee Deborah J. Piazza ("Trustee")[1] and JG Capital (collectively "Appellees") proceeded with the sale of the Property in the Bankruptcy Court.  After months of negotiations and appearances before the Bankruptcy Court, on June 27, 2012, the Bankruptcy Court (i) approved JG Capital's offer to purchase the Property pursuant to a contract of sale agreed upon between Appellees, (ii) scheduled an auction sale for August 13, 2012, and (iii) scheduled a hearing to consider approval of the sale for August 15, 2012.  At the August 13, 2012 auction sale, JG Capital was deemed the successful bidder, and the August 15, 2012 hearing was held as scheduled.  On August 22, 2012, an order was entered by the Bankruptcy Court approving the sale of the Property pursuant to 11 U.S.C. § 363.  At no point during this time did Appellant raise any objections to the sale in Bankruptcy

---

[1] Piazza was appointed as Trustee of Debtor Ranu on August 4, 2011, when the Bankruptcy Court entered an order converting the matter into a Chapter 7 case.

3

Court.[2]

On October 16, 2012, the New York Appellate Division reversed the New York Supreme Court's order voiding the initial foreclosure sale. Lenders Capital LLC v. Ranu Realty Corp., 99 A.D.3d 566 (2012). In so doing, it held that "defendants failed to comply strictly with the methods of service . . . and failed to present proof of service on the return date of the motion" as required under New York law. Id. In light of this decision, on November 5, 2012—more than two months after the Bankruptcy Court had issued the August 22, 2012 order approving the sale of the Property—Appellant filed a proposed order to show cause and an "Application for an "Emergency Order Temporarily Staying Consummation of the Sale of [the] Premises and for Reconsideration and Vacatur[] of the Order Approving the Sale of Real Property," pursuant to Federal Rule of Bankruptcy Procedure 9024 (the "Motion"). The same day, the Bankruptcy Court issued an emergency order granting the requested temporary stay.

At a hearing on the Motion held on December 14, 2012, the Bankruptcy Court ruled that the Appellate Division's decision validating the first auction sale did not affect its order approving the sale of the Property, because the Property "was the property of the estate prior to" the New York Supreme Court's decision declaring the first auction sale a nullity and "it surely was property of the estate after that occurr[ed]." (Dec. 14 Hr'g Tr. 7:12–14.) The Bankruptcy Court also rejected Appellant's argument that, once relief from the automatic stay was granted pursuant to 11 U.S.C. § 362(d), any sales pursuant to 11 U.S.C. § 363 were "subject to relief from stay." (Id. at 12:10–13.) The court further explained that "[t]he granting of the relief from the stay in order to enable the appeal to be pursued was ineffective to stay this [c]ourt's

---

[2] Although there are no objections in the record from this time period, as discussed in detail below, Appellant claims that shortly after the February 1, 2012 hearing, she, proceeding *pro se*, submitted a proposed order to show cause to the Bankruptcy Court seeking to have the Court "award" her the Property. (See Zavelina Aff. Supporting Order to Show Cause, Dec. 17, 2012, ¶¶ 3-6, In re Ranu Realty Corp., No. 12 Misc. 409 (RA), Dkt. No. 5-1.)

disposition of the property, without more.  That's why there's [a] provision under the Bankruptcy Code for one to seek a stay in this court." (<u>Id.</u> at 13:5–9.)  Rather than seeking a stay of the sale proceedings in the Appellate Division, which the Bankruptcy Court found to be a "clear violation of the automatic stay" (<u>id.</u> at 8:5–6), "it was incumbent upon [Appellant]," the Bankruptcy Court stated, "to come to this court and seek a stay of the disposition of the property which . . . was property of the estate and as to which she was asserting a claim," (<u>id.</u> at 9:16–20; <u>see also</u> <u>id.</u> at 10:2–5 ("Had [Appellant] wanted to preserve her rights, she had to come into this court because, at that moment, it was property of the estate and subject to my jurisdiction.  And nothing happened.")).  The Bankruptcy Court further noted that Appellant, through counsel, received notice of all aspects of the sale proceedings, but she never objected, appealed or sought to stay the sale of the Property in Bankruptcy Court.  (<u>Id.</u> at 8:14–18, 8:21–24, 9:12–15.)  Finally, the Bankruptcy Court denied Appellant's oral application for a stay pending appeal.  (<u>Id.</u> at 16:20–17:11.)  Following the hearing, by written order dated December 21, 2012, the Bankruptcy Court denied Appellant's request for reconsideration, vacated the temporary restraining order staying the consummation of the Property sale, and denied Appellant's December 14, 2012 oral application for a stay of the closing on the Property sale (the "Order").

It is from this Order that Appellant appeals.

**II. Applicable Legal Standards**

Appellant's Motion was brought pursuant to Federal Rule of Bankruptcy Procedure 9024. Federal Rule of Bankruptcy Procedure 9024 dictates that Federal Rule of Civil Procedure 60(b) applies to bankruptcy cases.  Appellant moved for reconsideration pursuant to Rule 60(b)(2), (4), and (5), which provide that:

> [T]he court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:  . . . (2)

> newly discovered evidence that, with reasonable diligence, could not
> have been discovered in time to move for a new trial under Rule 59(b);
> ... (4) the judgment is void; (5) the judgment has been satisfied,
> released or discharged; it is based on an earlier judgment that has been
> reversed or vacated; or applying it prospectively is no longer equitable.

Fed. R. Civ. P. 60(b).

In reviewing a decision on a motion for reconsideration, this Court inquires only whether the Bankruptcy Court abused its discretion. See e.g., Coe v. RJM, LLC, 372 F. App'x 188, 189-90 (2d Cir. 2010). This Court must affirm unless the decision: "(1) 'rest[s] on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding,' or (2) 'cannot be located within the range of permissible decisions . . . .'" In re Smith, 507 F.3d 64, 73 (2d Cir. 2007). The Court reviews only the denial of the motion for reconsideration, not the merits of the underlying order. Paddington Partners v. Bouchard, 34 F.3d 1132, 1147 (2d Cir. 1994). "A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances." United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001).

### III. Discussion

#### A.  11 U.S.C. § 363(d)(2)

In arguing that the Bankruptcy Court abused its discretion when it denied her Motion, Appellant asserts that the order approving the sale violated § 363(d)(2) of the Bankruptcy Code, which authorizes a trustee to sell estate property "only to the extent not inconsistent with any relief granted under subsection (c), (d), (e), or (f) of section 362." 11 U.S.C. § 363(d)(2). (Appellant's Br. 11-13.) Appellant contends that it was inconsistent for the Bankruptcy Court to approve the sale of the Property to JG Capital once it "permitted the State Appellate Court to determine the foreclosure of all property rights in and to the Subject Premises." (Id. at 15.) "On the one hand," she argues, "the Appellate Division was given the power to determine whether the

Premises are, or are not property of the Bankruptcy Estate," while "[o]n the other hand, the Chapter 7 Trustee (through a later Bankruptcy Court Order) was given the authority to sell the same property already foreclosed, effectively divesting the State Appellate Court of the very power the Bankruptcy Court had granted to it months earlier." (Id.)

As this Court noted in denying Appellant's motion for a preliminary injunction, however, Appellant was "on notice of the limited scope of the Bankruptcy Court's modification of the stay and the need to act in Bankruptcy Court to stay the sale," but chose not to do so. (In re Ranu, 2013 WL 622171, at *5; see also Feb. 1 Hr'g Tr. 21:7–16 ("You asked me to lift the stay for the purpose of pursuing the Appeal.  That was granted.  . . .  A request for a stay is an entirely separate matter."); Dec. 14 Hr'g Tr. 7:23–8:2 ("[Appellant's counsel] took the position that that was not a violation of the automatic stay and attempted to convince me that when I granted leave for him to pursue the appeal, that was also leave to obtain a stay.  That was incorrect.").)  As the Bankruptcy Court stated below, "[t]he granting of the relief from the stay in order to enable the appeal to be pursued was ineffective to stay [that c]ourt's disposition of the property, without more.  That's why there's [a] provision under the Bankruptcy Code for one to seek a stay in [Bankruptcy] court." (Id. at 13:5–9.)  Rather than seeking a stay of the sale proceedings in the Appellate Division, which the Bankruptcy Court found to be a "clear violation of the automatic stay," (id. at 8:5–6), "it was incumbent on [Appellant] to come to [Bankruptcy] court and seek a stay of the disposition of the property which . . . was property of the estate and as to which she was asserting a claim," (id. at 9:16–20; see also id. at 10:2–5 ("Had [Appellant] wanted to preserve her rights, she had to come into this court because, at that moment, it was property of the estate and subject to my jurisdiction.  And nothing happened.")).  Appellant's failure to seek the appropriate remedy in Bankruptcy Court for over a year while the Trustee went about the

process of selling the Property cannot be remedied by the subsequent filing of a motion for reconsideration months after the sale is approved.  See United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 275 (2010) (denying Chapter 13 creditor's motion for reconsideration of Bankruptcy Court's approval of partial discharge of debtor's student loans and noting, "Rule 60(b)(4) does not provide a license for litigants to sleep on their rights.").  The Bankruptcy Court's decision not to grant a request for reconsideration after such failure thus simply does not constitute an abuse of discretion borne out of "an error of law," "a clearly erroneous factual finding," or "decision that . . . cannot be located within the range of permissible decisions." Schwartz v. Aquatic Dev. Grp., Inc. (In re Aquatic Dev. Grp., Inc.), 352 F.3d 671, 678 (2d Cir. 2003).[3]

Furthermore, Rule 60(b) affords relief only in limited circumstances and the desire to raise a new legal argument is not generally one of them.[4]  See  Davidson v. Scully, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001) ("A motion for reconsideration may not be used to advance new

---

[3] In light of the Court's ruling, it need not address the merits of Appellant's inconsistency argument, though it notes her acknowledgment that "there is not an abundance of caselaw surrounding the meaning of § 363(d)(2)." (Appellant's Br. 13.)  Moreover, as noted in the Court's ruling on the motion for a preliminary injunction, Appellant has still not provided any legal support for her argument that Gregory v. Wabeke (In re Gregory), No. 92-C-2343, 1994 U.S. Dist. LEXIS 20066 (D. Colo. May 2, 1994), "is distinguishable from the facts here because the Appellate Division's decision 'divest[ed] the [B]ankruptcy Court of jurisdiction over the property before the consummation of the sale.'"  (In re Ranu Realty Corp., 2013 WL 622171, at *6 (quoting Appellant's 1/22/2013 Letter at 3, In Re Ranu Corp., 12 Misc. 409 (RA), Dkt. No. 6); see also Appellant's Br. 15-16.)

[4] Fed. R. Civ. Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

facts, issues or arguments not previously presented to the Court . . . .").  Because Appellant did not show good cause for her failure to properly object, appeal or seek to stay the sale of the Property, the arguments she made for the first time in her Motion were insufficient to meet the standard set forth by Rule 60(b).  See, e.g., Kotlicky v. U.S. Fid. & Guar. Co., 817 F.2d 6, 9 (2d Cir. 1987) (For a party to prevail on a Rule 60(b) motion, courts generally require, *inter alia*, "that [the] party show good cause for the failure to act sooner.").  In any event, the Bankruptcy Court was within its discretion in determining that the circumstances did not warrant granting that exceptional remedy.  See Stevens v. Miller, 676 F.3d 62, 67 (2d Cir. 2012) ("Recognizing Rule 60(b)(6)'s potentially sweeping reach, courts require the party seeking to avail itself of the Rule to demonstrate that 'extraordinary circumstances' warrant relief.").  The Bankruptcy Court's denial of Appellant's motion for reconsideration is thus affirmed.  As the Bankruptcy Court's decisions to vacate the temporary restraining order staying consummation of the Property sale and to deny the oral application for a stay pending appeal were incidental to the decision to deny the motion for reconsideration, those decisions are affirmed as well.

**B.  Comity and Jurisdiction**

Next, Appellant argues that permitting the sale to go forward offends the principle of comity.  (Appellant's Br. 17-20.)  She asserts that upon learning of the Appellate Division's order, the Bankruptcy Court should have honored that order and vacated its own previous order.  Id. at 18.  Appellant further claims that, pursuant to the doctrine set forth in Rooker v. Fid. Trust Co., 263 U.S. 413 (1923), and D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983), the Bankruptcy Court lacked subject matter jurisdiction to approve the sale in the first place, although she did not argue this below.  (Appellant's Br. 18-20.)  Appellee JG Capital responds that the Bankruptcy Court's decision did not usurp the state court's power; rather, because the

Bankruptcy Court and the Appellate Division shared concurrent jurisdiction over the matter, the Bankruptcy Court had authority to issue an order disposing of the Property.  (See Appellee's Br. 17-18; see also In re Teligent, 459 B.R. 190, 197 (Bankr. S.D.N.Y. 2011) ("[T]he Court . . . enjoys nonexclusive jurisdiction over bankruptcy proceedings that may affect property of the estate").  JG Capital also argues that the Rooker-Feldman doctrine does not apply to this case, pursuant to the reasoning set forth in Hoblock v. Albany County Board of Elections, 422 F.3d 77, 85 (2d Cir. 2005).  (Appellee's Br. 19.)

Comity, or "respect [for] the orders and judgments of other courts," requires that "[b]ankruptcy proceedings . . . not be used to re-litigate issues already resolved in a court of competent jurisdiction."  In re Briarpatch Film Corp., 281 B.R. 820, 829 (Bankr. S.D.N.Y. 2002) (quoting Kelleran v. Andrijevic, 825 F.2d 692, 695 (2d Cir. 1987)).  The Rooker-Feldman doctrine derives from the principle of comity.  Kropelnicki v. Siegel, 290 F.3d 118, 128 (2d Cir. 2002).  Under the Rooker-Feldman doctrine, "federal district courts lack jurisdiction to review state court decisions whether final or interlocutory in nature."  Gentner v. Shulman, 55 F.3d 87, 89 (2d Cir. 1995).  "Like any challenge to subject matter jurisdiction, a challenge under Rooker-Feldman may be raised at any time by either party or sua sponte by the court."  Sassower v. Mangano, No. 96 Civ. 7805, 1997 WL 557616, at *2 (2d Cir. Sept. 9, 1997) (internal quotation marks omitted).

In Hoblock v. Albany County Board of Elections, the Second Circuit noted that there are four requirements for the application of Rooker-Feldman:

> First, the federal-court plaintiff must have lost in state court.  Second, the plaintiff must 'complain[] of injuries caused by [a] state-court judgment[.]'  Third, the plaintiff must 'invit[e] district court review and rejection of [that judgment[].'  Fourth, the state-court judgment must have been 'rendered before the district court proceedings commenced'—i.e, Rooker-Feldman has no application to federal-court

suits proceeding in parallel with ongoing state-court litigation.

422 F.3d at 85 (alterations in original).

The <u>Rooker-Feldman</u> doctrine is inapplicable to the facts of this case.  Not only is there no state court "loser" and no party "complaining of injuries" or "inviting review" of the state court decision, but as this Court has already explained in its order denying the motion for preliminary injunction, "the state-court judgment must have been rendered before the district proceedings commenced," which was not the case.  <u>In re Ranu</u>, 2013 WL 622171, at *8 n.5 (quoting <u>Hoblock</u>, 422 F.3d at 85).  The Bankruptcy Court proceedings began on January 28, 2011, and that Court approved the sale of the Property to JG Capital on August 22, 2012, whereas the New York Appellate Division did not issue its decision until October 15, 2012.  <u>Id.</u> at *6 (noting that the Appellate Division order "was not rendered before the Bankruptcy Court's ruling as to the sale of the property").  Because Appellant has not established any of the requirements necessary for application of the <u>Rooker-Feldman</u> doctrine, her arguments based on that doctrine must fail.

## C.  Due Process

Finally, Appellant claims that the sale violated her constitutional right to due process because she "was not properly served with the Trustee's notice of motion to confirm the contra[c]t of sale, which resulted in the August 22, 2012 Order of the Bankruptcy Court." (Appellant's Br. 20-21.)  In particular, Appellant asserts that, following the February 1, 2012 status conference, she parted ways with her attorney and decided to proceed *pro se*.  (<u>See</u> Zavelina Aff. Supporting Order to Show Cause, Dec. 17, 2012, ¶ 3, <u>In re Ranu Realty Corp.</u>, No. 12 Misc. 409 (RA), Dkt. No. 5-1.)  In this capacity, Appellant submitted a proposed order to show cause seeking to be "award[ed]" the Property, although it was neither signed by the Bankruptcy Judge or docketed at the time.  (<u>Id.</u> at ¶¶ 4-7.)  Appellant thus argues that the

11

Bankruptcy Court "knew, or should have known" that Appellant did not receive actual notice of the Property auction and sale. (Appellant's Br. 23.)

As noted at the preliminary injunction stage, however, none of this information—neither the existence of the proposed order to show cause nor evidence of Appellant's self-representation—is properly before the Court on appeal because Appellant never raised this argument in her Motion before the Bankruptcy Court or beforehand, despite being present and represented by counsel at the December 14, 2012 hearing.[5]  It was at that December 14, 2012 hearing that the Bankruptcy Court orally denied Appellant's request for reconsideration and oral request for a stay pending appeal and stated for the record its reasons for doing so.  On December 21, 2012, the Bankruptcy Court issued a short written order memorializing its oral ruling.  The written order also vacated the temporary restraining order staying the consummation of the Property sale.  Appellant filed the proposed order to show cause as an exhibit to an "Affidavit Supporting a Correction of this Record" in which she explains her effort to proceed *pro se* on December 18, 2012—after the Bankruptcy Court's oral ruling but prior to the written one that followed.  (See In re Ranu Realty Corp., No. 11 Bk. 10286 (SCC), Dkt. No. 143.)  The affidavit was thus not before the Bankruptcy Court when it ruled on Appellant's Motion, and it is not properly before this Court.  See Singleton v. Wulff, 428 U.S. 106, 120 (1976) ("It is the general rule . . . that a federal appellate court does not consider an issue not passed upon below."); Fonar Corp. v. Domenick, 105 F.3d 99, 102 (2d Cir. 1997) (declining on appeal to consider materials that had not been placed in trial court record until after trial court ruled on issue being appealed); see also McBride v. BIC Consumer Products Mfg. Co., Inc., 583 F.3d 92, 96 (2d Cir. 2009) ("[W]e ordinarily will not consider issues raised for the first time in a reply

---

[5] Appellant was represented by the same counsel at the December 14, 2012 hearing on the Motion as she is in this appeal.  Appellant was represented by a different attorney at the February 1, 2012 hearing.

brief."); <u>Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec., LLC</u>, 11 Civ. 3313 (DAB), 2012 WL 527426, at *4 (S.D.N.Y. Feb. 16, 2012) (holding that Bankruptcy Court did not err in disregarding issue that "was raised before the Bankruptcy Court for the first time in Appellants' Reply brief in support of their 60(b) motion").

In spite of her failure to raise this issue in a timely manner, the Court assumes for purposes of this appeal that the Bankruptcy Court was indeed aware of Appellant's attempt to file a proposed order to show cause before its ruling on the Motion.  Nonetheless, Appellant has not shown that she is likely to meet her heavy burden of proving that the Bankruptcy Court abused its discretion in denying the Motion. Throughout most, if not all, of the bankruptcy and state court proceedings, Appellant was represented by counsel who was served with all relevant notices.  With the exception of the proposed order to show cause, all of Appellant's submissions were prepared by counsel and she had counsel appear on her behalf at several proceedings, including on the Motion.  (<u>See, e.g.</u>, <u>In re Ranu Realty Corp.</u>, No. 11 Bk. 10286 (SCC), Dkt. Nos. 12, 23, 85, 96, 129.)  Appellees had no reason—either from counsel or from Appellant—to believe that Appellant intended to proceed *pro se*.  Her attorney never withdrew from the case, as required by Local Bankruptcy Rule 2090-1(e) ("An attorney who has appeared as attorney of record may withdraw or be replaced only by order of the Court for cause shown."), and she never filed notice of her intention to proceed *pro se*.

Furthermore, Appellant did not file the proposed order to show cause properly and never attempted to do so again, despite demonstrating an understanding that some action in the Bankruptcy Court was necessary to stay the sale of the Property.  (<u>See</u> Zavelina Aff. Supporting Order to Show Cause, Feb. 22, 2012, ¶¶ 34, 45-46, <u>In re Ranu Realty Corp.</u>, No. 11 Bk. 10286 (SCC), Dkt. No. 5-1 (Bankr. S.D.N.Y. Jan. 14, 2012).)  At the December 14, 2012 hearing on the

Motion, at which Appellant was present, neither she nor her attorney mentioned Appellant's prior attempt to proceed *pro se* or file a proposed order to show cause in spite of the fact that the Bankruptcy Court declared more than once that she had made "no objection [to and] no appeal" of the sale of the Property.  (Dec. 14 Hr'g Tr. 8:22-23, 13:24-25.)  Had Appellant sought to have the Bankruptcy Court consider her failed attempt to file the proposed order to show cause seeking to obtain the Property, she or her attorney should at least have said so at that point.

Indeed, Appellant had numerous opportunities to request a stay of the sale of the Property during the time she was represented by counsel—including in her April 13, 2011 motion for leave to appeal the state court decision or at the February 1, 2012 hearing when the Bankruptcy Court informed Appellant that its order granting her motion for leave to appeal had not also authorized her to seek a stay in state court—but she did not do so.  Thus, despite several warnings and opportunities to either seek a stay of the sale of the Property in the Bankruptcy Court or notify the Bankruptcy Court of Appellant's failed attempt to do so, neither Appellant nor her prior or present counsel took any such action.  Accordingly, Appellant's limited and unsuccessful effort to seek a stay of the sale of the Property is insufficient to establish that the Bankruptcy Court abused its discretion in denying her Motion.

To the extent that Appellant is also arguing that her constitutional right to due process was violated because she did not receive actual notice prior to the sale, the Court notes that the Constitution does not require actual notice.  See, e.g., Dusenbery v. United States, 534 U.S. 161, 169-73 (2002) (holding that actual notice was not required prior to cash forfeiture under 21 U.S.C. § 881).  Rather, constitutional due process requires that the methods of notice be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  Mullane v. Central

Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). Sending notice to a party's attorney of record, as the Bankruptcy Court did in this case, meets that standard, because that method is reasonably calculated to reach the litigant. See, e.g., In re Schicke, 97 F. App'x 249, 251 (10th Cir. 2004) (holding that Bankruptcy Court's ruling that service on party's counsel of record at address provided by party satisfied due process where party denied receiving actual notice). Therefore, Appellant's constitutional right to due process was not violated.

For the foregoing reasons, the Bankruptcy Court's December 21, 2012 Order denying Appellant's request for reconsideration of its August 22, 2012 order approving the sale of the Property, vacating the temporary restraining order staying the consummation of the Property sale, and denying Appellant's oral application for a stay of the closing on the Property sale is affirmed.

SO ORDERED.

Dated:      December 17, 2013
            New York, New York

Ronnie Abrams
United States District Judge

15